UN-SEALED PER ~~SEALED~~

United States District Court
Southern District of Texas
FILED

FEB - 1 2007

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NUMBER H 07 28 |
| SERGIO ARTURO GONZALEZ WONG<br>    aka "Licenciado"<br>SAUL GERMAN aka "Judas"<br>CRESCENCIO GONZALEZ Jr.<br>    aka "Chris" aka "Chencho"<br>RICARDO GONZALEZ RODRIGUEZ<br>MIGUEL ANGEL GONZALEZ WONG<br>ANDRES CARRILLO<br>JOSE GUADALUPE ROMERO aka "Jay"<br>NANCY HERNANDEZ | § § § § § § § § § § § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE
*[21 U.S.C. 846 - Conspiracy to Possess With Intent to Distribute a Controlled Substance]*

From in or about January 2006, and continuously thereafter, up to and including the return of this indictment, in the Southern District of Texas, and within the jurisdiction of this Court, and elsewhere,

SERGIO ARTURO GONZALEZ WONG aka "Licenciado",
SAUL GERMAN aka "Judas",
CRESCENCIO GONZALEZ Jr., aka "Chris" aka "Chencho",
RICARDO GONZALEZ RODRIGUEZ,
MIGUEL ANGEL GONZALEZ WONG,
ANDRES CARRILLO,
JOSE GUADALUPE ROMERO aka "Jay"
and NANCY HERNANDEZ

defendants herein, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the grand jury, to possess with intent to distribute controlled substances. This violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A).

## COUNT TWO
### *[18 U.S.C.1956(a)(1)(A)(I) and 2 - Laundering Monetary Instruments]*

From on or about April 6 through April 9, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**SERGIO ARTURO GONZALEZ WONG, aka "Licenciado",
SAUL GERMAN aka "Judas",
CRESCENCIO GONZALEZ Jr., aka "Chris" aka "Chencho",
and ANDRES CARRILLO**

defendants herein, aided and abetted by other persons known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of United States currency, which involved the proceeds of a specified unlawful activity, namely, violations of Title 21, United States Code, Section 841 and 846, with intent to promote the carrying on of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds amounting to approximately two hundred thousand dollars ($200,000.00) in United States currency, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT THREE
### *[18 U.S.C.1956(a)(1)(A)(I) and 2 - Laundering Monetary Instruments]*

From on or about April 11 through April 18, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**SERGIO ARTURO GONZALEZ WONG aka "Licenciado",
SAUL GERMAN aka "Judas",
CRESCENCIO GONZALEZ, Jr., aka "Chris" aka "Chencho"
RICARDO GONZALEZ RODRIGUEZ,
and ANDRES CARRILLO**

defendants herein, aided and abetted by other persons known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of United States currency, which involved the proceeds of a specified unlawful activity, namely, violations of Title 21, United States Code, Section 841 and 846, with intent to promote the carrying on of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds amounting to approximately two hundred thousand dollars ($200,000.00) in United States currency, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT FOUR
### *[21 U.S.C. 841- Possession With Intent to Distribute;*
### *18 U.S.C. 2 - Aiding and Abetting]*

On or about August 3, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**SERGIO ARTURO GONZALEZ WONG aka "Licenciado",
SAUL GERMAN aka "Judas",
ANDRES CARRILLO, and
JOSE GUADALUPE ROMERO aka "Jay"**

defendants herein, aided and abetted by each other and other persons known and unknown to the grand jury, did unlawfully, knowingly and intentionally possess with intent to distribute a controlled substance. The violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and
Title 18, United States Code, Section 2.

### COUNT FIVE
*[21 U.S.C. 841- Possession With Intent to Distribute;*
*18 U.S.C. 2 - Aiding and Abetting]*

On or about August 29, 2006, in the Southern District of Texas, and within the jurisdiction of this Court,

**SERGIO ARTURO GONZALEZ WONG aka "Licenciado",**
**SAUL GERMAN aka "Judas",**
**and ANDRES CARRILLO**

defendants herein, aided and abetted by each other and other persons known and unknown to the grand jury, did unlawfully, knowingly and intentionally possess with intent to distribute a controlled substance. The violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and
Title 18 Unites States Code, Section 2

### COUNT SIX
*[21 U.S.C. 841- Possession With Intent to Distribute;*
*18 U.S.C. 2 - Aiding and Abetting]*

On or about September 18, 2006, in the Southern District of Texas, and within the jurisdiction of this Court,

**SERGIO ARTURO GONZALEZ WONG aka "Licenciado",**
**SAUL GERMAN aka "Judas", and**
**MIGUEL ANGEL GONZALEZ WONG**

defendant herein, aided and abetted by each other and other persons known and unknown to the grand jury, did unlawfully, knowingly and intentionally possess with intent to distribute a controlled substance. The violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT SEVEN
### *[18 U.S.C. 1956(h) - Conspiracy to Launder Monetary Instruments]*

From in or about March of 2006 and continuously thereafter, up to and including the return of this indictment, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**SERGIO ARTURO GONZALEZ WONG aka "Licenciado",**
**SAUL GERMAN aka "Judas",**
**CRESCENCIO GONZALEZ aka "Chris" aka "Chencho",**
**RICARDO GONZALEZ RODRIGUEZ,**
**MIGUEL ANGEL GONZALEZ WONG**
**ANDRES CARRILLO, and**
**JOSE GUADALUPE ROMERO aka "Jay"**

defendants herein, did knowingly and intentionally agree, combine, conspire and confederate with each other and others known and unknown to the Grand Jury, to commit the following violations;

a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of United States currency which involved the proceeds of a specified unlawful activity, namely, violations of Title 21, United States Code, Section 841 and 846, with intent to promote the carrying on of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the form of United States currency, represented the

proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### OVERT ACTS

In furtherance of the above alleged conspiracy the following overt acts were committed among others.

1. The Grand Jury specifically alleges and adopts by reference the allegations contained in Counts 1, 2, 3, 4, 5 and 6.

2. On or about April 5, 2006, a Cooperating Witness arranged for a pick up of drug proceeds in New York City by the defendant Andres Carrillo.

3. On or about April 6, 2006, the defendant Andres Carrillo picked up drug proceeds in New York City from a co conspirator and transferred approximately $200,000 of drug proceeds to an undercover law enforcement officer.

4. On or about April 6, 2006, the defendant Saul German met undercover law enforcement officers to arrange the continued activity of picking up drug proceeds in New York City and elsewhere.

5. On or about April 8, 2006, the defendant Saul German met the undercover law enforcement officers and discussed the transportation of drug proceeds from New York City to Houston, Texas.

6. On or about April 9. 2006, the defendant Saul German accepted the delivery of the drug proceed picked up in New York City on April 6, 2006.

7. On or about April 11, 2006, defendants Saul German, Sergio Arturo Gonzalez Wong, and Ricardo Rodriguez met undercover law enforcement officers and discussed the transportation of cocaine and the collection of drug proceeds.

8. On or about April 11, 2006, the defendant Sergio Arturo Gonzalez Wong requested that the undercover law enforcement officers pick up a second load of drug proceeds which represented the balance owed on a 30 kilogram delivery of cocaine.

9. On or about April 11, 2006, the defendant Saul German informed undercover law enforcement officers that the defendant Andres Carrillo had the drug proceeds ready for transfer in New York City.

10. On or about April 14, 2006, the defendant Andres Carrillo transferred approximately $301,000.00 of drug proceeds to undercover law enforcement officers in New York City.

11. On or about April 18, 2006, the defendants Crescencio Gonzalez and Ricardo Rodriguez met at a restaurant in Houston, Texas.

12. On or about April 18, 2006, the defendant Ricardo Rodriguez accepted the transfer of the drug proceeds picked up from the defendant Andres Carrillo in New York City on April 14, 2006.

13. On or about April 18, 2006, the defendant Crescencio Gonzalez conducted counter surveillance during the transfer of the drug proceeds to the defendant Ricardo Rodriguez above.

14. On or about April 18, 2006, the defendant Ricardo Rodriguez delivered the drug proceeds he picked up above to 4605 Ranger Street, Houston, Texas, the residence of the defendant Crescencio Gonzalez.

15. On or about May 30, 2006, the defendant Saul German met undercover law enforcement officers to discuss the transportation of 100 kilograms of cocaine.

16. On or about May 31, 2006, the defendant Ricardo Rodriguez called an undercover law enforcement officer to vouch for the defendant Jose Romero.

17. On or about June 7, 2006, the defendant Jose Romero met an undercover law enforcement officer and requested that ten (10) kilograms of cocaine be transported to Birmingham, Alabama.

18. On or about August 4, 2006, the defendant Sergio Arturo Gonzalez Wong requested that the defendant Crescencio Gonzalez check into a seizure of cocaine that occurred at the Laredo, Texas check point the day before.

19. On or about August 28, 2006, the defendant Sergio Arturo Gonzalez Wong arranged for the defendant Saul German to turn over approximately ten (10) kilograms of cocaine to a person named "Eric".

20. On or about August 29, 2006, the defendant Saul German transferred the cocaine to an individual named "Eric" as requested.

21. On or about August 29, 2006, the defendant Sergio Arturo Gonzalez Wong requested that the defendant Crescencio Gonzalez find out what happened to the individual named "Eric" and provided Crescencio Gonzalez "Eric's" full name.

22. On or about September 18, 2006, the defendant Sergio Arturo Gonzalez Wong arranged for the delivery of approximately eight (8) kilograms of cocaine to Saul German.

23. On or about September 18, 2006, the defendant Saul German transferred the eight (8) kilograms of cocaine to the defendant Andres Carrillo, who was to transport the cocaine to New York City (Atlanta).

24. On or about September 19, 2006, the defendants Sergio Arturo Gonzalez Wong and Saul German had a conversation discussing the seizure of the eight (8) kilograms of cocaine above and the arrest of the defendant Andres Carrillo.

25. On or about September 26, 2006, the defendant Miguel Angel Gonzalez Wong told the defendant Saul German that he wired German cash via Western Union for German to travel to Mexico to talk to the owners about the cocaine seized on September 18, 2006.

26. On or about September 27, 2006, the defendant Miguel Angel Gonzalez Wong gave instructions to the defendant Saul German where to cross into Mexico and where he would be met by the owners of the cocaine.

27. On or about September 27, 2006, the defendant Saul German called the defendant Sergio Arturo Gonzalez Wong to tell him he was waiting for the people in Mexico and Gonzalez informed German that they would be calling him.

28. On or about September 27, 2006, the defendant Saul German called an undercover law enforcement officer and told him that the owners of the eight (8) kilograms had abducted him and had him tied up demanding payment for the eight (8). The owners of the cocaine told the undercover officer that German woul not be seen again unless payment was made.

29. On or about October 13, 2006, the defendant Saul German called the defendant Crescensio Gonzalez and told him that he had been released from captivity and was dropped off at the same location he had been abducted from.

30. On or about January 19, 2007, the defendant Saul German introduced an undercover law enforcement officer to German's cocaine buyers in New York City.

In violation of Title 21 United States Code, Section 1956(h)

## NOTICE OF CRIMINAL FORFEITURE
*[21 United States Code, Section 853 ]*

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of any of the offenses charged in Counts One, Four, Five, and Six, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, notice is given that the defendants:

**SERGIO ARTURO GONZALEZ WONG (Counts 1, 4, 5, 6)**
**aka "Licenciado",**

SAUL GERMAN (Counts 1, 4, 5, 6)
aka "Judas",
CRESCENCIO GONZALEZ Jr. (Count 1)
aka "Chris" aka "Chencho",
RICARDO GONZALEZ RODRIGUEZ (Count 1)
MIGUEL ANGEL GONZALEZ WONG (Counts 1, 6)
ANDRES CARRILLO (Counts 1, 4, 5)
JOSE GUADALUPE ROMERO (Counts 1, 4)
aka "Jay"
and NANCY HERNANDEZ (Count 1)

shall forfeit to the United States of America-

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of any such violation; and

(2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violation,

The property subject to forfeiture includes, but is not limited to the following property:

Approximately five hundred and one thousand dollars ($501,000.00) U.S. currency.

## NOTICE OF CRIMINAL FORFEITURE
### [Title 18, United States Code, Section 982]

Pursuant to Title 18, United States Code, Section 982, as a result of the commission of any of the offenses charged in Counts Two, Three, and Seven, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I) and Section 1956 (h), as charged in Counts Two, Three and Seven of the Indictment, notice is given that the defendants,

SERGIO ARTURO GONZALEZ WONG (Counts 2, 3, 7)
aka "Licenciado",
SAUL GERMAN (Counts 2, 3, 7)
aka "Judas",
CRESCENCIO GONZALEZ Jr. (Counts 2, 3, 7)
aka "Chris" aka "Chencho",
RICARDO GONZALEZ RODRIGUEZ (Count 3, 7)
MIGUEL ANGEL GONZALEZ WONG (Count 7)
ANDRES CARRILLO (Counts 2, 3, 7);
and JOSE GUADALUPE ROMERO (Count 7)
aka "Jay"

shall forfeit to the United States all property, real and personal, involved in the offense and all property traceable to such property, including, but not limited to, the following property:

Approximately five hundred and one thousand dollars ($501,000.00) U.S. currency

### SUBSTITUTE ASSETS

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

(1)   cannot be located upon exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third party;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to 21 U.S.C. § 853(p)(2).

### A TRUE BILL

F

DONALD J. DeGABRIELLE
United States Attorney

By: _____
JESSE RODRIGUEZ
Assistant United States Attorney